No. 28,442.

Mary A. Zimmerman, *Appellee*, v. The Kansas City Public Service Company, *Appellant*.

(273 Pac. 172.)

Opinion filed January 12, 1929.

*Fred Robertson, Edward M. Boddington, W. E. Stickel,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellant.

*E. E. Martin* and *Henry Dean,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

Marshall, J.: This action is one to recover damages for injuries sustained by the plaintiff in a collision between a street car, on which she was riding, and a coal truck on a street in Kansas City. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

One matter presented by the defendant is misconduct of counsel for the plaintiff in the examination of witnesses, in argument to the jury, and in altercations with counsel for the defendant. Counsel for the plaintiff asked improper questions of witnesses. When counsel for the defendant objected altercations would result. These altercations descended into personalities which had nothing whatever to do with the trial, and finally resulted into a personal encounter between them, for which each was fined $10. Repeated admonitions from the court went unheeded. In the argument counsel for the plaintiff made statements which virtually amounted to instructions to the jury concerning the law of the case, and made statements to the jury concerning the issues which were not correct, and in regard to the witnesses for the defendant said:

"I say they probably did the best they could under the tutelage they had,

and I want you to go out and then come in and say to this great company, 'You cannot run cars in Kansas City, Kansas, in that sort of style and maim its citizens, because when you do it will cost you at least three thousand dollars.' "

Misconduct of counsel for the plaintiff continued during the entire trial, and no doubt can be reasonably entertained that it resulted in prejudice to the defendant. Whether or not it did so result the judgment should be reversed because conduct of the kind shown by the record in this case should result in setting aside a verdict and granting a new trial wherever the verdict has been secured by counsel who have been guilty of such conduct.

Other matters are presented by the defendant which appear to have merit in them. They are not discussed because this court has often admonished the bar that continued misconduct in the trial of cases may result in a verdict for the prevailing party being set aside. (*Tidball v. Railway Co.*, 97 Kan. 396, 155 Pac. 938; *Mischlich v. Morris & Co.*, 105 Kan. 63, 181 Pac. 619.)

The judgment is reversed, and a new trial is directed.